IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JEFFREY B. COHEN,

    Plaintiff,

v.                                     CIVIL NO.: WDQ-14-0611

KAREN W. STEWART, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jeffrey B. Cohen sued Karen W. Stewart and others, (collectively "the Defendants"),[1] for relief relating to a Delaware receivership.[2] Pending is Cohen's *pro se* motion for a preliminary injunction and temporary restraining order ("TRO"). ECF No. 7.[3] A hearing was held on May 13, 2014. ECF No. 25

---

[1] Stewart is the Insurance Commissioner for the State of Delaware, and Eugene T. Reed is the Deputy Insurance Commissioner for the State of Delaware. See ECF No. 1 ¶¶ 21, 22. W. Harding Drane, Jr. and Jessica M. Willey are Deputy Attorney Generals for the State of Delaware. See id. ¶ 23. AG Drane and AG Willey are the counsel of record on behalf of Commissioner Stewart in the proceedings pending against Cohen. See id.

[2] Cohen brought claims for negligence and violations of his First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment rights, and he also sought various forms of declaratory relief. See ECF No. 1 at 28-35.

[3] Cohen also moved for a second preliminary injunction (ECF No. 15), but he later moved to withdraw that motion (ECF No. 20).

("Hr'g"). For the following reasons, Cohen's motion will be denied.

I.   Background[4]

Indemnity Insurance Corporation, RRG ("IIC") is a risk retention group founded by Cohen and domiciled in Delaware. *See Cohen* at 2, 4. IDG Companies, LLC ("IDG") is an affiliated company owned by Cohen. *See* ECF No. 7 at 3; *Cohen* at 5. Before April 2012, IDG and its employees performed the day-to-day operations of IIC. *See Cohen* at 5. Some IDG employees had deferred-compensation plans, and IDG established Fidelity Accounts to deposit amounts equal to the amounts payable to certain participating employees.[5] In April 2012, IDG stopped performing operational services for IIC, and IDG employees were transferred to IIC. *See Cohen* at 5. IIC and IDG entered into an agreement transferring IDG's rights, obligations, and interests under the compensation plans to IIC. *See* ECF No. 16 at 7.

---

Cohen's motion to withdraw his second preliminary injunction motion will be granted.

[4] The facts are taken from the complaint, the parties' filings, and the opinion issued by the Supreme Court of Delaware related to the IIC receivership, *Cohen, et al. v. Delaware, ex rel. Stewart, et al.*, No. 545, 2013 (Del. Apr. 9, 2014) (hereinafter "*Cohen*"), docketed as ECF No. 16-1.

[5] Three of these Fidelity Accounts are the subject of Cohen's motion.

After a routine investigation by the Delaware Department of Insurance uncovered concerns about IIC's solvency, Commissioner Stewart applied to the Delaware Court of Chancery for a seizure order. *See Cohen* at 5, 9; ECF No. 16 at 3. On May 30, 2013, the Delaware Court of Chancery issued a Confidential Seizure and Injunction Order vesting Commissioner Stewart with the title to all IIC property. *See Cohen* at 9; ECF No. 16 at 3. On June 17, 2013, the Seizure Order was enrolled in Maryland. *See* ECF No. 16 at 3 n.2.

On September 13, 2013, three IIC employees became aware of unauthorized activity in their deferred-compensation Fidelity Accounts. *See Cohen* at 17. Cohen was the only person with access to the accounts, which were held in IDG's name. *See id*. The stock in the accounts had been sold and converted to cash, and the employees were concerned that Cohen was preparing to withdraw the funds. *See id*. The employees contacted the Insurance Department, and Commissioner Stewart froze the three accounts before they could be emptied. *See id*.

On November 6, 2013, the Commissioner filed a Petition for the Entry of a Rehabilitation and Injunction Order with consent of IIC's board. *See Cohen* at 29; ECF No. 16 at 1-2. On November 7, 2013, the Delaware Court of Chancery entered the order, placing IIC into receivership and appointing the Commissioner as the receiver. *See Cohen* at 32; ECF No. 16 at 2.

On April 10, 2014, after it became clear that attempting to rehabilitate IIC would be futile, the Delaware Court of Chancery issued a Liquidation Order. *See* ECF No. 16 at 4. Under the Liquidation Order, the Receiver is required to terminate IIC's insurance business and marshal IIC's assets for liquidation and distribution. *See id.* at 11.

On March 4, 2014, Cohen sued the Defendants. ECF No. 1. On March 21, 2014, Cohen moved for a temporary restraining order and preliminary injunction. ECF No. 7. On April 14, 2014, the Defendants opposed the motion. ECF No. 16. On April, 30, 2014, Cohen replied. ECF No. 21. On May 13, 2014, the Court held a hearing on Cohen's preliminary injunction and TRO motion. ECF No. 25.

II. Analysis

    A.   Preliminary Injunction & TRO Standard[6]

A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)

---

[6] *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371, reinstated *in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam); *General Parts Dist., LLC v. St. Clair*, Civ. No. 11-3556-JFM 2011, WL 6296746, at *2 (D. Md. Dec. 14, 2011) (stating that the standards for a TRO and a preliminary injunction are the same).

(internal quotation marks omitted). Because issuing a preliminary injunction "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way," "[t]he danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (internal quotation marks omitted).

To obtain a preliminary injunction, the movant must demonstrate that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors him; and (4) an injunction is in the public interest.[7] The movant must show more than a "grave or serious question for litigation"; instead, he bears the "heavy burden" of making a "clear showing that [he] is likely to succeed at trial on the merits." *Real Truth*, 575 F.3d at 347, 351. All four elements must be present. *Id.* at 346.

B.   Cohen's Motion for a Preliminary Injunction & TRO

In his motion for a preliminary injunction and TRO, Cohen seeks to recover the funds from the Fidelity Accounts, arguing that they were unlawfully and improperly seized by the Defendants as part of the ICC Receivership because they are outside the receivership's scope. *See* ECF No. 7 at 1-4. The

---

[7] *Winter*, 555 U.S. at 20; *Real Truth About Obama*, 575 F.3d at 346.

Defendants contend that Cohen cannot make a clear showing that he is likely to succeed on the merits for a number of reasons,[8] including: (1) the Court does not have jurisdiction over the Fidelity Accounts because they are part of the IIC Receivership estate; and (2) the Court should abstain from exercising jurisdiction in favor of the Delaware state courts. See ECF No. 16 at 13; Hr'g.

1. Jurisdiction

The court that first assumes *in rem* jurisdiction over property retains that jurisdiction to the exclusion of other courts. See *Gross v. Weingarten*, 217 F.3d 208, 221 (4th Cir. 2000) (*citing Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 465-66 (1939)). A receivership proceeding is an *in rem* action. See, e.g., *Mills v. Roanoke Indus. Loan & Thirft*, 70 F.R.D. 448, 451 (W.D. Va. 1975). "It is well settled that a federal court may exercise *in personam* jurisdiction in litigation concerning rights in property in the possession of another court so long as the judgment does not conflict with the latter court's authority to decide questions relating to the control of that property." *Koller v. Richmond Indus. Loan & Thrift*, 407 F. Supp. 1211, 1212 (E.D. Va. 1975); see also, *Purcell v. Summers*, 126 F.2d 390, 295 (4th Cir. 1942).

---

[8] Because the Defendants' arguments regarding jurisdiction and abstention are dispositive, the Court will not address the various other arguments asserted by the Defendants.

Here, the Delaware Court of Chancery has assumed *in rem* jurisdiction over the Fidelity Accounts through the IIC receivership proceeding. See *Cohen* at 17 (Commissioner Stewart seized the accounts as authorized by the court's seizure order). In his motion, Cohen seeks access to the Fidelity Accounts. See ECF No. 7 at 5. He is not seeking to establish a right to the property or to impose liability, thereby invoking *in personam* jurisdiction.[9] Instead, the object of Cohen's motion is to obtain access to the funds controlled by the state court. See ECF No. 21 at 11-12 ("The relief will simply permit Cohen to assert control over the IDG Fidelity Accounts . . . ."). Accordingly, Cohen's motion seeks to invoke the *in rem* jurisdiction of this court by enforcing his right to specific property.[10]

Cohen argues that the accounts should not have been included in the scope of the receivership and that they were seized unlawfully. See ECF No. 21 at 8. However, the scope of

---

[9] *Cf. Koller*, 407 F. Supp. at 1212 (court could exercise jurisdiction despite state receivership action because plaintiff was attempting to impose personal liability against the defendants).

[10] See *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) (action *in rem* seeks to enforce rights to specific property); *U.S. v. Bank of N.Y. & Trust Co.*, 296 U.S. 463, 478 (1936) ("But these suits are not to enforce a personal liability, but to obtain possession of the respective funds. The suits are not merely to establish a debt or a right to share in property, and thus to obtain an adjudication which might be had without disturbing the control of the state court.")

7

the IIC Receivership is not a question to be addressed by this Court. The Delaware Court of Chancery has exclusive jurisdiction over IIC's assets and it has already exercised this jurisdiction by seizing the Fidelity Accounts. Cohen has not identified any property in his motion that is not subject to the receivership. Accordingly, because Cohen seeks to obtain property over which the Court may not exercise jurisdiction, Cohen cannot show a likelihood of success on the merits.

2. Abstention

The Defendants also argue that the Court should abstain from exercising jurisdiction in this case under the abstention doctrines in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and *Younger v. Harris*, 401 U.S. 37 (1971). See ECF No. 16 at 16. "Abstention doctrines constitute extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)) (internal quotation marks omitted). Abstention is not a "license for free-form *ad hoc* judicial balancing of the totality of state and federal interests in a case." *Id.* at 364. Rather, the Courts must consider whether a specific abstention doctrine applies. *Id.*

Under the *Burford* abstention doctrine, when adequate state review is available, a federal court "should decline to

interfere with the proceedings or orders of state administrative agencies" when (1) "there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case," or (2) when federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (internal quotation marks omitted).

The Fourth Circuit has recognized that *Burford* abstention may be appropriate in receivership proceedings. *See First Penn-Pacific Life Ins. Co. v. Evans*, 304 F.3d 345, 349-50 (4th Cir. 2002). "[T]he liquidation process in particular is one which will be greatly impeded by the involvement of more than one decision-making authority. And it is a critical reason why federal courts have frequently abstained to avoid interfering with state receivership proceedings." *See id.* (internal citations and quotation marks omitted). Accordingly, the pending receivership proceedings in this case weigh in favor of *Burford* abstention.

The *Younger* abstention doctrine does not permit a federal court to exercise its jurisdiction over an action which asks it to interfere in state proceedings when: (1) there are ongoing state proceedings which (2) implicate important state interests,

and (3) the federal plaintiff will have an adequate opportunity to raise federal claims in the state proceedings. *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir 2005) (citing *Middlesex Cnty. Ethics Coram. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). *Younger* abstention is applicable to criminal and noncriminal judicial proceedings when important state interests are involved. *See Martin Marietta Corp. v. Md. Com'n on Human Relations*, 38 F.3d 1392, 1397 (4th Cir. 1994).

First, because the IIC Receivership proceedings are pending in Delaware Chancery Court, the first element of the *Younger* abstention doctrine is met in this case. Second, Delaware has an important state interest in regulating the insurance industry and protecting the interests of policyholders and creditors from delinquent insurers.[11] Third, Cohen has an adequate opportunity to raise his federal claims in state court. Although Cohen's preliminary injunction motion does not raise a federal statutory claim, his complaint includes a number of constitutional claims. *See* ECF No. 1 at 28-35. Cohen has been able to raise constitutional challenges in the Delaware proceedings. *See Cohen* at 1 (Supreme Court of Delaware's opinion addressing

---

[11] *See Charleston Area Medical Ctr., Inc. v. Blue Cross & Blue Shield Mut. Of Ohio, Inc.*, 6 F.3d 243, 250 n.5 (4th Cir. 1993) (complex statutory scheme for the regulation of the state's insurance industry involves policy issues of substantial state interest); *Fuller v. Bartlett*, 894 F. Supp. 874, 879 (D. Md. 1995) (state's interest in regulating insurance strongly favors *Younger* abstention).

Cohen's claim that the proceedings in the Court of Chancery violated his due process rights). In evaluating the adequacy of state proceedings, the plaintiff bears the burden of demonstrating inadequacy. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987). Cohen has not presented any evidence demonstrating that the Delaware courts are inadequate for addressing his constitutional claims. Accordingly, all the *Younger* considerations counsel abstention. Because abstention would be appropriate in this case, Cohen has not demonstrated that he is likely to succeed on the merits.

III. Conclusion

For the reasons stated above, Cohen's motion for a preliminary injunction and TRO will be denied.

_____6/5/14_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge